Daniel, J.
 

 This is an action of Trover, which the plaintiff has brought to recover damages of the defendant, for severing from his freehold a parcel of fence-rails, earth and soil and manure, and removing and converting the same to the defendant’s use. The plaintiff purchased the land on the 18th of February, 1841. The defendant had been tenant ot the former owners, and before the date of the plaintiff’s purchase, he had raked in piles the manure which he bad made on the land, and in raking up the manure a portion of the
 
 soil
 
 was raked up with it. After the purchase of
 
 *329
 
 the land by the plaintiff, the defendant remained on the
 
 the same,
 
 and removed the rails and the said piles of manure, and then gave up the premises to the plaintiff. On the 25th
 
 of
 
 February, 1841, the defendant proved an agreement made by his lessor with him, that he might carry away every thing which he might bring on the premises. The lot of land had no fence on it when the defendant leased it; he caused the rails to be brought there, and the fence to be made; and he removed the said rails before he left the premises. The judge charged the jury, that the defendant had a right to remove the fence rails, by force of the contract with his lessor, the former owner of the land — that the defendant had a right to -remove the piles of manure which had been made by his own industry, and out of materials which he had furnished. But if the defendant had' carried away any part of the soil, then the plaintiff would'be entitled to recover. There was a verdict and judgment for' the plaintiff, and the defendant appealed. The outgoing tenant, where there is no covenant or custom to the contrary, has a right to all the manure made by him on the farm. It is his personal estate.
 
 Roberts
 
 v
 
 Barker,
 
 1 Compton & Meesony 808
 
 , Beatty v Gibbons,
 
 16 East 116, Watson oh sheriffs; 18
 
 1.
 
 We are aware that the rule is otherwise settled in some of the States, as in New Hampshire, Massachusetts and New York, but we apprehend it is so settled upon the ground of the usage and general understanding of the country. No usage or general understanding on the subject has ever been brought under our notice, as prevailing in this State, and, therefore we feel it incumbent upon us to determine the question on common law principles. The manure, howeveff ceases to be his, if he leave it, when he quits the farm. Whatever things the tenant has a right to remove ought to be removed within the term; for, if the tenant leave tire premises without removing then), they then become the property of the reversioner. But where the tenant holds over, even so as to become a trespasser, he will not be considered as having abandoned the things he had a right to remove. Oomyn on Landlord and Tenant, 191, 192. Gibbons on Fixtures, 63, 64. The judge instructed the jury, that if the
 
 *330
 
 defendant had carried away a part of
 
 the soil,
 
 then the plaÍH-tiif would be entitled to recover. It was held in
 
 Higgon v Mortimers,
 
 25th Eng. C. L. Rep.
 
 £$3,
 
 that if a tenant, during his tenancy, remove a dung heap, and, at the time of so doing, dig into and remove virgin soil, that lies beneath the dung heap,, the landlord might maintain either trespass
 
 de bonis asportatis,
 
 or
 
 trover,
 
 for the removal of the virgin soil. In that case the tenant had taken and carried away a spade’s depth of the virgin soil, that lay beneath his bed of manure. In the case now before us, it appears that in raking up the manure into heaps (and which was done before the plaintiff purchased the land) a portion of the s-oil was raked up with the manure. A small portion of the soil must of necessity be gathered with the manure, in all attempts to heap
 
 it;
 
 and then it becomes mixed in, and composes a part of, the manure or compost, which belongs to the tenant; It certainly was not virgin soil which the defendant carried away.
 
 We,
 
 therefore, think that the ju^ge erred in-charging the jury that the plaintiff was entitled to recover. Leigh’s N. P. 1466. Comyn’s Dig.
 
 Biens,
 
 H. The opinion expressed by the ^Wj-udge on the other question, as to the right of the defendant to remove the rails which he had puteen the demised premises, is not brought betore us by this appeal, and, therefore, as to that question we express no opinion.
 

 Per CxiRiam, New trial awarded.